IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIAMOND WARREN**, an individual, | : |
| | : |
| Plaintiff, | :  Civil Action No.: |
| | : |
| v. | : |
| | : |
| **SUNBEAM PRODUCTS, INC.**, | : |
| a Florida Corporation, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, **DIAMOND WARREN** ("Plaintiff") by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **INSTANT BRANDS, INC.**"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Sunbeam Products, Inc. (hereinafter generally referred to as "Defendant Sunbeam") designs, manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "Crock-Pot Express Crock Multicooker," which specifically includes the Model Number SCCPPC 600-V1 (referred to hereafter as "Pressure Cooker(s)").

1

2. Defendant Sunbeam touts that its Pressure Cookers are designed with "safety in mind,"[1] which include supposed "safety measures"[2] such as "safety sensors"[3] that purport to keep the lid from being opened while the unit is under pressure.

3. Despite Defendant Sunbeam's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite Defendant Sunbeam's statements, the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5. On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant Sunbeam's SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[4]

---

[1] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual, pg. 10, attached hereto as Exhibit A
[2] *Id.*
[3] *Id.*
[4] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

6. Defendant Sunbeam knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

7. Defendant Sunbeam ignored and/or concealed its knowledge of these defects in its Pressure Cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Pressure Cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

8. As a direct and proximate result of Defendant Sunbeam's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF DIAMOND WARREN

9. Plaintiff is a resident and citizen of the city of Newark, County of Essex, State of New Jersey.

10. On or about May 28, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety measures," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendant Sunbeam's failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

**DEFENDANT SUNBEAM PRODUCTS, INC.**

11. Defendant Sunbeam designs, manufacturers, markets, imports, distributes and sells a variety of consumer products[5] including pressure cookers, toasters, panini makers, and mixers, amongst others.

12. Defendant Sunbeam claims that through its "cutting-edge innovation and intelligent design"[6] it has been "simplifying the lives of everyday people"[7] for "over 100 years".[8]

13. Defendant Sunbeam is a Delaware Corporation with its registered place of business at 1293 North University Drive, #322 City of Coral Springs, Broward County, Florida 33071, and its principal place of business located at 2381 Executive Center Drive, Boca Raton, Florida 33431.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

**FACTUAL BACKGROUND**

16. Defendant Sunbeam is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the Pressure Cookers at issue in this litigation.

---

[5] *See generally*, https://www.sunbeam.com/ (last accessed March 28, 2022).
[6] See, https://www.newellbrands.com/our-brands/sunbeam (last accessed March 28, 2022).
[7] *Id.*
[8] *Id.*

4

17. Defendant Sunbeam aggressively warrants, markets, advertises and sells its Pressure Cookers as "an all-in-one appliance that's always ready when you are,"[9] allowing consumers to cook "instant, healthy, home-cooked dish in under an hour."[10]

18. According to the Owner's Manual[11] accompanying each individual unit sold, the Pressure Cookers purport to be designed with "safety in mind and has various safety measures."[12]

19. For instances, the Defendant Sunbeam claims that it's pressure cookers include "safety sensors"[13] to keep the lid from being opened while the unit is under pressure; that "[p]ressure will not build if the Lid is not shut correctly and has not sealed"[14]; and that "[o]nce the pressure increases, the Lid cannot be opened."[15]

20. In addition to the "safety measures" listed in the manual, Defendant Sunbeam's Crock-Pot website claims that consumers can "cook with confidence" because the "airtight locking lid remains locked while pressure is inside the unit."[16]

21. On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant Sunbeam's SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid**

---

[9] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed March 28, 2022).
[10] *Id.*
[11] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual ("Exhibit A"), pg. 10.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed March 28, 2022).

5

**detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[17]

22. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased their Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

23. Plaintiff used her Pressure Cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant Sunbeam.

24. However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendant Sunbeam in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

25. Defendant Sunbeam's Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

26. Further, Defendant Sunbeam's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

---

[17] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

27. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

28. As a direct and proximate result of Defendant Sunbeam's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

29. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant Sunbeam's Pressure Cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 et. seq.)

30. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31. This Count is brought pursuant to N.J.S.A. §2A:58C-1 et. seq., the New Jersey Products Liability Act.

32. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

33. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

34. Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq*. is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

35. Specifically, Defendant's pressure cookers are unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff, as it did in this case.

36. Further, a reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper

## JURY TRIAL DEMANDED

37. Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

A. On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

Date: April 29, 2022

*/s/ Marc Grossman*
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
mgrossman@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Michael K. Johnson, Esq.
*Pro Hac Vice to be filed*
Kenneth W. Pearson, Esq.
*Pro Hac Vice to be filed*
Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
mjohnson@johnsonbacker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***

9